**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

M.Z. Berger & Co., Inc.,

*Appellant/Cross-Appellee*,

- v. -

Swatch AG (Swatch SA) (Swatch Ltd.),

*Appellee/Cross-Appellant*.

Nos. 14-1219 & 14-1220

**CONSENT MOTION TO STAY BRIEFING SCHEDULE**
**PENDING RESOLUTION OF MOTION TO DISMISS CROSS-APPEAL**

In a separate motion, M.Z. Berger & Co. sought to dismiss the cross-appeal filed by Swatch AG, arguing that Swatch was not permitted to file a cross-appeal in this action. Because the Court's resolution of M.Z. Berger & Co.'s motion to dismiss the cross-appeal will necessarily affect the briefing in this case, M.Z. Berger & Co. respectfully requests that this Court issue an order staying the briefing schedule, pending resolution of the motion to dismiss, and that the Court provide M.Z. Berger & Co. with 45 days in which to file its opening brief after resolution of the motion to dismiss. Holding the briefing schedule in abeyance would enable the parties to prepare their briefs with knowledge of whether this case will proceed under one appeal or cross-appeals. *Compare* Fed. R. App. P. 28(a)–(c) (allowing three briefs in a regular appeal), *with* Fed. R. App. P. 28.1(c) (permitting four briefs in a cross-appeal). Swatch has stated that it consents to this motion for a stay of the briefing schedule.

## BACKGROUND

1. These consolidated appeals involve a dispute over the registration of a single trademark. M.Z. Berger & Co. applied to register the mark iWATCH for watches, clocks, and related accessories. Swatch, another seller of watches, opposed the registration on two grounds: (1) a likelihood of confusion with Swatch's registered marks SWATCH and SWATCH in stylized form, and (2) a lack of bona fide intent to use the mark in commerce.

2. On September 30, 2013, the Trademark Trial and Appeal Board ruled on Swatch's opposition. The tribunal held that Swatch had failed to establish a likelihood of confusion. *Swatch AG v. M.Z. Berger & Co.*, Opp'n No. 91187092, slip op. at 11-16 (TTAB Sept. 30, 2013). But it held that Swatch had established a lack of bona fide intent. *Id.* at 16-33. As a result, the Board "sustain[ed] the opposition," but "solely under Trademark Act Section 1(b)." *Id.* at 33.

3. On November 26, 2013, M.Z. Berger & Co. filed with the United States Patent and Trademark Office a timely notice of appeal to this Court. *See* Notice Forwarding Certified List at 1, *M.Z. Berger & Co. v. Swatch AG*, Nos. 14-1219, 14-1220 (Fed. Cir.) [Dkt. No. 1]; *see also* Notice of Appeal, *Swatch AG v. M.Z. Berger & Co.*, Opp'n No. 91187092 (TTAB) (dated Nov. 26, 2013).

4. On December 9, 2013, Swatch filed a timely notice of cross-appeal from "the portion of the . . . September 30, 2013 decision of the Trademark Trial and Appeal Board which finds there is no likelihood of confusion." Notice of Cross-

Appeal at 1, *Swatch AG v. M.Z. Berger & Co.*, Opp'n No. 91187092 (TTAB) (dated Dec. 9, 2013).[1]

5. On January 22, 2014, shortly after the appeals were docketed by this Court, M.Z. Berger & Co. moved to dismiss Swatch's cross-appeal as improper. That motion is now fully briefed before this Court.

6. Although the Court's resolution of that motion will necessarily affect the briefing in this case—the parties will file either three or four briefs, *compare* Fed. R. App. P. 28(a)–(c) (allowing three briefs in a regular appeal), *with* Fed. R. App. P. 28.1(c) (permitting four briefs in a cross-appeal)—the filing of the motion to dismiss does not stay the briefing schedule in this Court. As a result, M.Z. Berger & Co. respectfully seeks a stay of the briefing schedule.

7. Consistent with Federal Circuit Rule 27(a)(5), counsel for M.Z. Berger & Co. discussed this motion with counsel for Swatch. Counsel for Swatch stated that Swatch consents to this motion.

[1] *See also* Notice Forwarding Certified List at 1, *M.Z. Berger & Co. v. Swatch AG*, Nos. 14-1219, 14-1220 (Fed. Cir.) [Dkt. No. 1] (stating that Swatch's cross-appeal was deemed "timely filed on December 9, 2013"—presumably because it was deposited for delivery by express mail on that date); *see also* 37 C.F.R. § 2.195(a)(4) (providing that correspondence sent to the United States Patent and Trademark Office by "Express Mail" will "be given a filing date as of the date of deposit" with the United States Postal Service).

**ARGUMENT**

This Court should grant M.Z. Berger & Co.'s motion to stay the briefing schedule pending resolution of the motion to dismiss the cross-appeal, and provide M.Z. Berger & Co. 45 days from the resolution of that motion in which to file its opening brief. The propriety of Swatch's cross-appeal necessarily affects the briefing in this case. *See* Fed. R. App. P. 28.1(c), (e) (permitting four briefs, instead of three, and allowing the appellee/cross-appellant 16,500 words, instead of 14,000, in its combined principal-and-response brief).

As the appellant, M.Z. Berger & Co. is entitled to some sense of clarity as to how many briefs the parties will be permitted to file, and whether it will be filing a simple reply brief under Federal Rule of Appellate Procedure 28(c), or whether it must file a combined response-and-reply brief under Rule 28.1(c)(3). Moreover, M.Z. Berger & Co. needs this clarity before it files its opening brief. If Swatch's cross-appeal is proper, then M.Z. Berger & Co. would not address the basis for Swatch's cross-appeal until Swatch files its combined principal-and-response brief. But if Swatch's cross-appeal is improper, and the issue on which it sought to appeal (no likelihood of confusion) is simply an alternative ground for affirmance, then M.Z. Berger & Co. might choose to address the issue in its opening brief.

As the appellee and the potential cross-appellant, Swatch is entitled to similar clarity. Swatch needs to know which type of principal brief it will be permitted to file—a simple response brief under Rule 28(b), or a combined principal-and-response

brief under Rule 28.1(c)(2). Moreover, if Swatch's cross-appeal is improper, then it would not be permitted to file a reply brief under Rule 28.1(c)(4).

Under these circumstances, a limited stay of the brief schedule is appropriate until such time that the Court rules on the fully-briefed motion to dismiss the cross-appeal.

## CONCLUSION

For the foregoing reasons, this Court should grant M.Z. Berger & Co.'s Consent Motion to Stay Briefing Schedule Pending Resolution of Motion to Dismiss Cross-Appeal. M.Z. Berger & Co. asks that the Court issue an order granting the stay request and provide that M.Z. Berger & Co.'s opening brief is not due until 45 days after the Court resolves the separately-filed motion to dismiss.

Dated: February 5, 2014

Respectfully submitted,

/s/ Robert T. Smith

Howard R. Rubin
*Counsel of Record*
Robert T. Smith
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW – Suite 200
Washington, DC 20007-6059
202-625-3500
Howard.Rubin@kattenlaw.com
Robert.Smith1@kattenlaw.com

Samson Helfgott
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
212-940-8800
Samson.Helfgott@kattenlaw.com

*Counsel for Appellant/Cross-Appellee M.Z. Berger & Co., Inc.*

**CERTIFICATE OF SERVICE**

I, Robert T. Smith, hereby certify that, on this 5th day of February, 2014, I caused to be served a true and correct copy of Appellant M.Z. Berger & Co.'s Consent Motion to Stay Briefing Schedule Pending Resolution of Motion to Dismiss Cross-Appeal on the following individuals by the Court's ECF System and by Electronic Mail:

Jeffrey A. Lindenbaum, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562

*Counsel for Appellee/Cross-Appellant*
*Swatch AG (Swatch SA) (Swatch Ltd.)*

/s/ Robert T. Smith
Robert T. Smith
*Counsel for Appellant M.Z. Berger & Co., Inc.*