NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**M.Z. BERGER & CO., INC.,**
*Appellant,*

v.

**SWATCH AG (SWATCH SA) (SWATCH LTD.),**
*Appellee.*

———————————

2014-1219

———————————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Opposition No. 91187092.

-------------------------------------------------------------------

**M.Z. BERGER & CO., INC.,**
*Appellee,*

v.

**SWATCH AG (SWATCH SA) (SWATCH LTD.),**
*Appellant.*

———————————

2014-1220

———————————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Opposition No. 91187092.

---

**ON MOTION**

---

Before NEWMAN, MOORE and CHEN, *Circuit Judges*.

MOORE, *Circuit Judge*.

# O R D E R

M.Z. Berger & Co., Inc. ("Berger") moves to dismiss Swatch AG's ("Swatch") cross-appeal. Swatch opposes.

This appeal arises out of Berger's application to register the mark IWATCH under Lanham Act Section 1(b) based on intent to use. In response, Swatch filed a notice of opposition praying that Berger's application "be refused, that no registration be issued thereon to Applicant and that this Opposition be sustained in favor of Opposer." In support, Swatch raised various grounds for opposition, including: (1) likelihood of confusion and (2) lack of bona fide intent to use the mark in commerce. The Trademark Trial and Appeal Board ("Board") sustained the opposition based on lack of bona fide intent to use, but dismissed the opposition as to likelihood of confusion. Berger filed an appeal, and Swatch filed a cross-appeal, which is the subject of this motion to dismiss.

Generally, a party cannot appeal from a favorable decision. *See Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939). That general rule is applicable to trademark opposition proceedings. *See* 15 U.S.C. § 1071(a)(1) (granting a right of appeal only to parties "dissatisfied with the decision" of the Board); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 626 (9th Cir. 1991); *Maremont Corp. v. Air Lift Co.*, 463 F.2d 1114,

1116 (C.C.P.A. 1972). Here, the Board sustained Swatch's opposition and refused registration of the IWATCH mark, which is exactly the relief that Swatch requested from the Board.

Swatch contends that its cross-appeal is appropriate because it is seeking reversal of the Board's ruling on likelihood of confusion. In fact, however, the "appellee, may without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower [tribunal] or an insistence upon matter overlooked or ignored by it." *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924); *Maremont Corp.*, 463 F.2d at 1116 ("Appellees in trademark oppositions are entitled to reargue issues which they raised below but on which either they lost or the board did not rely."). Swatch may thus make its arguments regarding likelihood of confusion in its response brief as an appellee. *See, e.g., Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 822 n.1 (Fed. Cir. 1989) (an appellee may assert alternative grounds for affirmance supported by the record).

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. 2014-1220 is dismissed. The revised official caption in 2014-1219 is reflected above.

(2) Each side shall bear its own costs in 2014-1220.

         FOR THE COURT

         /s/ Daniel E. O'Toole
         Daniel E. O'Toole
         Clerk of Court

s30

ISSUED AS A MANDATE (As To 14-1220 Only):
<u>March 19, 2014</u>